**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE GEORGE HASH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KELLY SANTORO, Warden,<br><br>　　　　　Respondent. | Case No. 5:20-cv-01074-RSWL (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　In 1998, Petitioner was convicted in the Riverside County Superior Court of first-degree murder. The jury also found true the allegation that Petitioner personally used a firearm in the commission of the offense. He is currently serving a sentence of 25 years to life plus four years. (ECF No. 1 at 2.)

　　　In 2001, Petitioner filed a federal habeas corpus petition challenging his 1998 conviction. (Case No. 5:01-cv-00989-RSWL (JWJ)). That petition raised the following claims: Petitioner received ineffective assistance of counsel at trial based upon numerous deficiencies; the trial court improperly excluded exculpatory evidence; the reasonable doubt instruction was inadequate; the trial court erroneously admitted prejudicial evidence; and cumulative error. On July 29, 2003, judgment was entered denying the petition on the merits and dismissing the action with prejudice.

Both this Court and the Ninth Circuit Court of Appeal denied Petitioner's requests for a certificate of appealability. (*See* ECF Nos. 35, 48, 55 in Case No. 5:01-cv-00989-RSWL (JWJ).)

The current petition for a writ of habeas corpus, filed on May 22, 2020, again challenges Petitioner's 1998 conviction. The petition raises five grounds for relief: (1) Petitioner was denied a fundamentally fair trial because he was tried by a Municipal Court that lacked jurisdiction, and trial counsel provided ineffective assistance by failing to object; (2) Petitioner was deprived of due process because his trial and motion for a new trial were both held in a Municipal Court without consent, and trial counsel provided ineffective assistance by failing to object; (3) Petitioner was deprived of due process and his right to trial by a qualified judge by a court of record, and trial counsel provided ineffective assistance by failing to object; (4) the assignment of Judge Spitzer to sit as a superior court judge violated Petitioner's constitutional rights, and trial counsel provided ineffective assistance by failing to object; and (5) Petitioner was denied his rights to a properly constituted court and properly sworn jury and witnesses, and trial counsel provided ineffective assistance by failing to object. (ECF No. 1 at 62-102.)

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it.[1]

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so

*See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Furthermore, to the extent Petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals.

    IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

DATED: 5/28/2020

                                           s/ RONALD S.W. LEW
                                           RONALD S.W. LEW
                              SENIOR UNITED STATES DISTRICT JUDGE

---

would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

3